IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH RICHARD BRITTON, #1275558 | § | |
| VS. | § | CIVIL ACTION NO. 4:08cv133 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Richard Britton, an inmate confined in the Texas prison system, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Denton County conviction for sexual performance on a child, Cause No. F-2004-0921-B. On November 18, 2004, a jury found him guilty and assessed punishment at 8 years of imprisonment. The Second Court of Appeals dismissed his appeal for want of jurisdiction on February 24, 2005. The Texas Court of Criminal Appeals denied his application for state writ of habeas corpus without written order on March 7, 2007.

The present petition for a writ of habeas corpus was filed on April 14, 2008. Petitioner states that he placed his petition in the prison mailing system on April 7, 2008; thus, his petition is deemed filed on April 7, 2008, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner alleges that he is entitled to relief because trial counsel was ineffective and he was denied his right to appeal. The Director was not ordered to file a Response

Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, Petitioner is challenging his conviction from November 18, 2004. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. Petitioner did not timely appeal his conviction[2]; therefore, his conviction became final on December 18, 2004, thirty days after the judgment of conviction. *See* Tex. R. App. P. 26.2(1)(1). Accordingly, the present petition was due no later than one year later, December 18, 2005, in the absence of tolling provisions. It was not filed until April

---

[1]The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

[2]Although Petitioner ultimately filed a notice of appeal, the Second Court of Appeals dismissed it for want of jurisdiction.

7, 2008 – more than two years and three months beyond the deadline.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation (emphasis added). The Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed.2d 213 (2000). It counseled that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id*; *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004). The Fifth Circuit interprets the words "properly filed" narrowly. *Lookingbill v. Cockrell*, 293 F.3d 256, 160 (5th Cir. 2002).

Here, Petitioner's original state application for writ of habeas corpus was filed on April 18, 2006, over four months beyond the limitations period in which to file the present petition. Consequently, it did not serve to toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Thus, Petitioner's § 2254 petition is time-barred in the absence of any other tolling provisions.

Petitioner has made no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely manner, or that he is asserting a newly recognized constitutional right. Neither has he shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time. The United States Supreme Court recently confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474

(5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996).

In this case, Petitioner has not shown any valid basis upon which to equitably toll the statute of limitations. He filed his petition more than 27 months beyond the deadline; consequently, the petition should be dismissed as time-barred.

4

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029,

134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is recommended that the above-styled petition for writ of habeas corpus be denied and that this case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 26th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE